Downey, Judge,
delivered the opinion of the court:
During the war an emergency arose by reason of the inability of the railroad companies to deliver to Camp John Wise, San Antonio, Texas, the supplies of balloon gas contracted for in Kansas City, and the commanding officer,. duly authorized so to do, sought a means of supplying the need. He found that the Walker Refining Company, at Austin, Texas, could supply a limited quantity of suitable ■ gas and was willing to do so if the officer in charge could furnish suitable tanks, which it did not have, and secure • transportation.
To accomplish this purpose the officer solicited the plaintiff company to rent four of its tanks, which it consented to do and fixed the rental at $75 per tank per year. Being requested by the officer, for purposes of his own other than purchase, to fix a value on the tanks, the plaintiff fixed such value at $1,000 each.
The tanks were delivered by plaintiff, and by direction of the officer in charge they were delivered at the plant of the Walker Refining Company. Since delivery was thus made it is suggested that delivery not being made to the United States, but to the Walker Refining Company, responsibility therefore rests on that company to which the tanks, it is contended, were rented. The basis of’ the contention is disposed *863 of by the simple fact that delivery was directed by the officer in. charge to be made to the Walker Refining Company,, not because it had rented the tanks, but in order that the tanks might be charged before shipment to the camp. It-would have been a foolish procedure, in an emergency, to-first ship empty tanks to the camp and reship them, with, attendant delay, to the plant which was to charge them.
The tanks were used for the intended purpose so long as needed, and the United States paid the rental therefor for a period of more than two years. When they were no-longer needed the plaintiff was so informed and asked to-direct where they should be shipped. But in the meantime the tanks had been damaged by overcharging, so that they were rendered unfit for use in plaintiff’s business, and. plaintiff demanded compensation to the extent of the alleged value of the tanks.
A board of officers was appointed to examine the tanks and report on the claim and the report of that board is set-out in the findings. Attempts were made by Government, representatives to consummate the recommendation of that-board by procuring the Walker Company to purchase the-tanks at $400 each, the United States to pay to plaintiff $2,400 or $600 per tank, thus making up the valuation of $1,000 each, but the purchase by the Walker Company could not be accomplished. Reasons not necessary to review in detail appear in the findings.
The real question is as to the liability of the United States for the value of the tanks. The record leaves no room for doubt that the United States rented the tanks. It also-satisfactorily appears that they were so damaged that they could not be returned to the plaintiff in serviceable condition, for its uses. It is true that the United States made no contract to compensate the plaintiff for the value of the tanks if they were not returned in good condition, but the law imposed that obligation. The contract was one. of bailment for hire imposing the obligation to return the rented property in as good condition as when received, natural wear excepted, and, failing in this, to compensate to the extent of the value of the property when received.
*864 The rights and obligations of the parties seem to be so clearly defined that lengthy discussion is rendered unnecessary. We have concluded that the plaintiff is entitled to recover the ascertained value of the tanks and have directed judgment accordingly.
Geaham, Judge; Hat, Judge; Booth, Judge; and Campbell, Chief Justice, concur.